## LEE EVERETT BUNN V. STATE.

No. 24534. January 11, 1950.
Rehearing Denied February 22, 1950.

*H. S. Beard,* Waco, and *Louis Josephs,* Texarkana, for appellant.

*Gene Maddin,* District Attorney, Waco, and *George P. Blackburn,* Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder, with a death penalty.

On the evening of December 31, 1948, appellant was relieved of his duties at a night club and, before going to his home, went the rounds visiting other night clubs. He met another Negro, Bill Criner, who solicited his company to share that of two Negro women. The four drove around to different places of entertainment for a time and then Criner, the deceased, told appellant that he was going home and offered to take appellant to his home. The offer was accepted by appellant, who occupied the rear seat of Criner's automobile while he was accompanied in the front seat by one of the Negro women, named Vonnie Pearl Bell. They drove out on the road away from the southeastern section of the city of Waco and, it appears, had passed the road leading to appellant's home. The expressed purpose was to take Vonnie Pearl Bell to her home and then return with appellant. At some point on the old Robbinsville Road Criner stopped his car, opened the door and was starting to get out. At this, appellant picked up a bumper-jack from the floor of the car and hit Criner on the head. His victim fell to the ground. Vonnie Pearl Bell started to get out, as we understand it on the same side of the car. Appellant hit her with the same jack. She fell to the ground and this attack was followed up on the two, hitting first one and then the other, as they showed signs of life, until both were dead. He loaded them in the car after they were dead and drove down the road to a bridge where he threw the woman over the rail and into the water. He says he threw her in the water to hide her; that he thought she was dead before he did. He then drove back towards town, took Criner's body out of the back seat, put him in a bar ditch and hid him in the Johnson grass and weeds.

The foregoing statement is taken from his written confession. There were no eye witnesses and the state had the burden of proving the corpus delicti. The appellant took the witness stand and repudiated his confession, saying that he made it because he was scared and did not have any evidence. The state introduced a part of this confession and the appellant introduced the rest.

Bill of Exceptions No. 1 complains of introduction in evidence of that part of the written confession which told of his killing Vonnie Pearl Bell and placing her body in the water. The contention is made that it was an extraneous matter, an entireley different crime from that for which he was being prosecuted. We do not consider this position tenable. The killing of the two people, as stated by the trial judge's qualification to the bill, "* * * was so blended and connected * * * that

they form an indivisible transaction." The evidence was res gestae of the offense for which he was being tried.

Bill of Exceptions No. 2 complains of the action of the private prosecutor who, it is stated, took a green garment from a box while the district attorney was reading to the jury that portion of the confession which says that the woman was wearing a green coat. It is complained that this coat had bloodstains; that it was highly prejudicial and inflammatory. The bill says, "We object to it being shown and we *think* that already they have disqualified this jury and a mistrial should be declared." Consideration of the entire contents of the bill would require a lengthy discussion. This is not necessary because of the qualification of the court, which reads:

"The green coat referred to in this bill was in a box with other articles of clothing, which box was sitting on a table east of the jury. When the district attorney read from the confession * * * *. C. S. Farmer, special prosecutor, took ahold of the green coat and lifted a small portion of the coat from the box in which it was contained and asked the district attorney * * * if it was the coat referred to and identified in defendant's confession, to which the district attorney replied in the affirmative.

"The coat was not introduced in evidence and was not exhibited to the jury, but a small portion of the coat was merely lifted about eight inches out of a cardboard box and identified by the district attorney as being the coat Vonnie Pearl Bell was wearing on the occasion in question. At the time the coat was identified the box was on the counsel table at least nine feet from the nearest juror. At the time this took place the court could not see any blood on the coat, and the court was taking particular notice of the coat and was at about the same distance from the coat at this time as the nearest juror."

We think the qualification, which was accepted by the appellant, eliminates from consideration the complaint about the inflammatory nature of the coat. The court did not see any blood on it. There was no proof that the jury did. The bill simply states that this was the basis of the complaint. In other words, the basis of the bill is that exposing the bloodstained coat before the jury was calculated to inflame their minds and create a prejudice against the accused. A distinguishment is to be made between that part of the bill which states the objection to the evidence and that part which states facts approved by the court. While we concur in the thought that the evidence of the murder of the woman was res gestae to the offense for

which appellant was on trial, it is to be conceded that immaterial and inflammatory evidence would not be admissible. It was proper for the state to prove facts and circumstances res gestae to the offense. The finding of the bodies and all of the circumstances surrounding them, including the fact of the coat, were admissible, but we are not required to go further in the instant case to discuss the complaint made because the qualification of the bill eliminates the necessity therefor.

Bill of Exceptions No. 3 complains of the introduction in evidence of the picture, as State's Exhibit No. 8, which was identified as that of the body of Vonnie Pearl Bell lying partly submerged in water. Contention is made that it was inflammatory and could serve no other purpose as evidence in the case. We see nothing particularly gruesome about the picture. Only a small portion of her legs were shown above the water. It is admissible always to show the surrounding circumstances in a trial for murder and in a case like that before us, where the state relies upon an extra judicial confession, it becomes necessary for the state to corroborate that confession. The evidence produced by the picture, identified as being a correct picture of the scene, is quite as potent as an oral description would be and we see no reason why it should be considered any more inflammatory. This bill reflects no error.

Bill of Exceptions No. 4 is directed to the evidence given by C. C. Maxey, the sheriff, who identified the picture as a correct presentation of the position of the body of the woman, as was described in the written confession. The same discussion of Bill No. 3 applies with equal force to Bill No. 4. See Benavidez v. State, 143 Tex. Cr. R. 481, 154 S. W. (2d) 260; Salazar v. State, 137 Tex. Cr. R. 448, 131 S. W. 2d 761; and Gibson v. State, No. 24,407 on the docket of this court, (153 Texas Crim. Rep. 582), 223 S. W. 2d 625.

Finding no reversible error in the record, the judgment of. the trial court is affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant contends that we were in error in our disposition of each of his bills of exception, but devotes his brief to his Bill of Exceptions No. 2.

In our original opinion, every contention of appellant was

considered and discussed fully. But in light of the extreme penalty adjudged against appellant and the able brief and argument of counsel in his behalf, we have again carefully considered all bills of exception and especially his bill No. 2.

In this bill, as prepared and presented to the trial judge, appellant sought to have the court certify that a bloody green coat identified as the coat which Vonnie Pearl Bell was wearing at the time of her death was "exhibited before the jury," and that he objected "for the reason that the exhibiting of bloody clothing before the jury is prejudicial, inflammatory and can only be shown before the jury for one purpose and that is to inflame the minds of the jury."

In his qualification to the bill, the trial judge certifies that the coat "was not exhibited to the jury."

Having accepted such qualification appellant is bound thereby, and we must appraise the bill as so qualified.

So considering the bill, the record before us is that the coat was not displayed before the jury or shown in a manner to attract their notice. It was not so displayed as to enable the trial judge, who was taking particular notice, to see that it was bloody, and his opportunity to observe was equal to that of the nearest juror. We are therefore unable to say that the bloody condition of the coat was seen by the jury.

It does not occur to us that the mind of a juror could be inflamed by the handling of the garment in the manner shown by the bill as qualified.

Believing that appellant's contentions were properly disposed of in our original opinion, appellant's motion for rehearing is overruled.

Opinion approved by the court.