**Gloria Jean NARRO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23321.**

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1966.

James R. Gillespie, San Antonio, Tex., for appellant.

Andrew L. Jefferson, Jr., Reese L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellant was tried without a jury on a two-count indictment charging her with stealing an unemployment compensation check from an authorized mail depository, and thereafter knowingly possessing same. She was convicted on both counts and sentenced to serve a two or three year indeterminate sentence on each, to run concurrently.

The sole question presented by this appeal relates to the admissibility of a confession signed by appellant. There is no question but that appellant was fully and completely informed of her rights to remain silent and to have counsel, and warned that her statements could be used against her. Both the postal inspector who brought her in for questioning and the United States Commissioner before whom she appeared advised her fully and completely with respect to them. Neither is any question of coercive physical or mental abuse presented. Appellant's claim is that her confession is inadmissible simply because she informed the Commissioner that either her mother or her father would get an attorney for her (R. 75), but then decided to make a confession immediately thereafter without obtaining counsel.

In Miranda v. State of Arizona, 384. U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court said:

"After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement."

Thus the cases in which it is clear that the warnings have been given must be considered on their own facts in order to determine the question of waiver. The courts must do this on an

*ad hoc* basis, since no *per se* rule has thus far been adopted dealing with this problem. The evidence here seems ample to warrant the conclusion that the appellant freely and voluntarily gave her statement after having been made fully aware of her rights by both the Commission and the investigating officers.

The judgment is affirmed.