**Ex parte Tom T. COOPER.**

**No. 43434.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Robert B. Maloney, Dallas, for petitioner.

Henry Wade, Dist. Atty., and James P. Finstrom, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is a habeas corpus proceeding attacking petitioner's conviction in Cause No.

D–5348–J in Criminal District Court No. 3 of Dallas County, Texas, which was affirmed by this Court by Per Curiam opinion in our Cause No. 35,290 on January 30, 1963.

After hearing, Hon. James B. Zimmerman, present judge of said Criminal District Court No. 3 of Dallas County, granted the writ and found:

#### "II.

"Subsequent to his trial, Petitioner timely requested the Court to appoint him counsel for his appeal. Petitioner was indigent at trial and upon appeal. The Court appointed attorney H. Glynn Windham to represent Petitioner in the matter of his appeal. Said counsel withdrew and the trial court failed to appoint another attorney to represent Petitioner.

#### "III.

"Judge Joe B. Brown, the judge presiding over Petitioner's trial, has since the day of the trial become deceased. The attorney who represented Petitioner at trial and was appointed to represent Petitioner upon appeal has also become deceased. Further, the court reporter who took down the notes from the trial has died, and the notes are no longer available.

#### "IV.

"Petitioner's allegation that he was denied his appeal is with merit as a matter of fact and law.

#### "V.

"Because no record is available upon which an out-of-time appeal might be granted, Petitioner is granted a new trial in the matter set out above. Petitioner's application for Habeas Corpus is with merit and is hereby granted. The facts found by this Court to be true, set out herein above, were brought out at a hearing on Petitioner's Application for Writ of Habeas Corpus."

The evidence adduced at the hearing reflected by the statement of facts supports the findings and conclusions.

The conviction in the above cause is set aside and petitioner is remanded to the custody of the Sheriff of Dallas County to answer the indictment in said cause charging him with the offense of rape.