Joseph Marion **PETE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44126.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Bill Mills, T. J. Haire, Jr., and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault; the punishment, ten years.

In the first and second grounds of error, appellant contends "that the admission into evidence of his confession was improper" and "there was no proper predicate established for admission into evidence of his confession." The confession was not offered into evidence until cross-examination of appellant who had taken the stand to testify in his behalf. The following transpired:

"Q Now is that the statement that you signed?

"A Yes, sir.

"Q Did the police officer read that up at the top to you before you signed it? Telling you what your rights were?

"A Yes, sir.

"Q And did you read that statement after it was written and before you signed it?

"A Yes, sir, I think I read it.

"Q And did you freely and voluntarily give that statement to the police officers?

"A Yes.

"Q Did you sign this after you had appeared before Judge Matthews?

"A Yes, I think so.

"Q And the warning that is at the top of the statement that you signed; is that the same thing Judge Matthews told you?

"A Yes, sir.

"Q Did Judge Matthews tell you you had been charged with the offense of armed robbery?

"A Yes, sir.

"Q Did he tell you that you had a right to hire a lawyer and have him present prior to and during any interview or questioning by peace officers or attorneys representing the State?

"A Yes.

"Q Did he tell you if you were too poor to afford a lawyer that you had the right to request the appointment of a lawyer to be present prior to and during any questioning or interview?

"A Yes.

"Q Did he tell you that you may have a reasonable time and opportunity to consult your lawyer if you desired?

"A Yes.

"Q Did he tell you you had the right to remain silent?

"A Yes.

"Q Did he tell you that you were not required to make a statement and that any statement you made can and may be used against you in court?

"A Yes.

"Q Did he tell you you had the right to stop any interview or questioning at any time?

"A Yes.

"Q Did he tell you you had the right to an examining trial?

"A Yes.

"Q Is that the same thing that Officer Whitfield told you later?

"A Yes."

The foregoing reflects that appellant received the warning required by Article 38.22 Vernon's Ann.C.C.P.

■ Appellant contends that the trial court should have made a determination of the voluntariness of his confession prior to its admission into evidence before the jury. This court held, in Charles v. State, 424 S.W.2d 909, cert. denied, 88 S.Ct. 2319, 392 U.S. 940, 20 L.Ed.2d 1401, that where defendant raised no issue as to voluntariness of the confession, trial court was not required to make an independent finding on issue of voluntariness before admitting the confession in evidence. See also Coursey v. State, Tex.Cr.App., 457 S.W.2d 566; Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706.

■ Appellant cites Morales v. State, Tex.Cr.App., 427 S.W.2d 51, in contending that a confession should be examined and preliminary findings made as to voluntariness and an issue on same submitted to the jury where it is shown that defendant was not able to give reasonable answers. This contention appears to be based on appellant's testimony that he had only taken the money because of the effects of alcohol, Dristan tablets and paint fumes. In Morales, supra, this court said:

"In the event of a retrial, we suggest that prior to the admission into evidence of the written confessions that the court make specific findings as to appellant's waiver of her constitutional rights involved and as to the appellant's mental and physical condition at the times thereof, in view of testimony offered in part by both the State and the defense at the motion to suppress and later at the trial itself that the appellant was weak from the loss of blood, had 104 degree fever, low blood pressure, and low blood count upon her arrival at the hospital shortly

after the first written confession was taken and was not *at the time* always able to give reasonable answers to the doctor, who testified her low blood count (four grams of hemoglobin instead of a usual fifteen grams) could have resulted in the brain function being at a minimum. At the time of the second written confession the record shows appellant was still confined in the hospital handcuffed to the bed."

In Morales, the impairment was at the time of or in close proximity to the time defendant made written confessions. In the instant case, the condition complained of was about the time of the robbery on Saturday and not at the time of the confession which appellant testified was taken on the following Tuesday.

Appellant contends there was lack of proper predicate because there was no showing that he had waived his right to counsel. We are confronted with the question of whether or not appellant intelligently, knowingly and voluntarily waived his right to counsel.

At the conclusion of appellant's confession, the following statement appears:

"I again state that I wish to waive my rights as set out at the top of this page and do not want or desire a lawyer at this time."

 Appellant is 38 years of age and according to his testimony had served time in the penitentiary on two occasions. His previous experience with law enforcement authorities lends credence to the proposition that he intelligently, knowingly and voluntarily waived his right to counsel. Perryman v. State, Tex.Cr.App., 470 S.W.2d 703, (1971). See Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461; Narro v. United States (5th Cir.) 1966, 370 F. 2d 329, cert. denied, 387 U.S. 946, 87 S.Ct. 2081, 18 L.Ed.2d 1334, 1967; United States v. Hayes (5th Cir.) 385 F.2d 375.

Arresting Officer Peyton testified that upon taking appellant into custody about noon on Saturday, "I read him his rights from the blue card."

Judge Matthews admonished appellant of his rights on Sunday morning.

A police officer advised appellant of his rights before he signed the confession. Appellant thought he read the confession before signing it. Appellant testified that he believed he signed the confession on Tuesday morning.

 The fact that appellant did not specifically say that he waived counsel before signing the confession does not prevent the trial court from concluding that appellant knowingly and intelligently waived counsel. Waiver is to be determined from the totality of the circumstances. Perryman v. State, supra; Ex parte Cooper, Tex.Cr. App., 458 S.W.2d 819; Easley v. State, Tex.Cr.App., 448 S.W.2d 490.

From all the foregoing circumstances, we conclude that there was a valid waiver of counsel by appellant.

Appellant's first two grounds of error are overruled.

 Appellant urges insufficiency of the evidence to support the conviction in his third ground of error.

Complaining witness Franklin (who identified appellant as her assailant) testified:

"A Well, I was on the phone when Marion came in to the store.

"Q Now who do you mean by Marion?

"A That is the boy that held me up. The one that robbed me. After I finished talking I turned around to wait on Marion. He told me to wait on the boy. I did. When I was waiting on the little boy something attracted his attention to the door. This boy goes to the door. Marion thinking he was going out the door turned around, put his hand in his pocket and pulled out a gun and told me to give him the money, all the money I had in the back.

I told him I had no money in the back because my husband had gone to the wholesale house. He said, 'Well, give me the money in the cash drawer.' He said, 'How long has your husband been gone?' I said, 'Well, long enough to be back.' He said, 'Well, give me your money in the cash drawer.'

"Q Did you see this pistol that he pulled out of his pocket?

"A Yes, I did.

"Q Now why did you give him the money?

"A I was afraid not to.

"Q Did he take this money against your will?

"A He sure did.

"Q Did he take it without your consent?

"A He did."

The evidence is sufficient to support the conviction.

Appellant's third ground of error is over-ruled.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.