Harold **LESTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45756.

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault wherein the punishment was assessed at 15 years.

The sufficiency of the evidence is not challenged. Appellant does complain, however, that his extra judicial confession was improperly admitted into evidence.

Upon objection to the admission of such confession the court conducted a separate hearing in the absence of the jury in accordance with Article 38.22, Vernon's Ann.C.C.P. and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At the conclusion of the hearing the court found the confession to have been voluntarily made and filed findings of fact and conclusions of law reflecting that the proper warnings had been given and an affirmative waiver of appellant's rights had been effected. See Article 38.22, V.A.C.C.P. The evidence supports the court's findings.

J. M. Poe, Dallas police detective, testified as to the giving of the statutory warnings and those required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), and related circumstances surrounding the waiver of rights by the appellant.

The appellant refused three times to take the oath but the court eventually permitted him to testify at the hearing. His testimony was somewhat unresponsive [1] and obviously was not believed by the trial court.

The appellant appears to rely heavily upon the fact that he was not taken before a magistrate prior to the giving of the confession.

Appellant's contention is without merit. See Easley v. State, 448 S.W.2d 490 (Tex. Cr.App.1970).

Appellant also complains that the trial court erred by failing to instruct the jury on the issue of the voluntariness of the confession. He relies upon Article 38.-22, V.A.C.C.P.

Such statute does require the court to so instruct the jury if the issue of voluntariness is raised by the evidence. In the instant case the evidence before the jury did not raise the issue.

1. On examination by his counsel the record reflects:
   "Q . . . have you ever heard about taking the 5th?
   "A A 5th of wine?
   "Q No, the 5th Amendment."

Further, there were no written objections to the charge or any special requested charges in writing as required by Articles 36.14 and 36.15, V.A.C.C.P. Therefore, even if there had been evidence raising the issue no error would have been presented. See Baity v. State, 455 S.W.2d 305 (Tex. Cr.App.1970).

The judgment is affirmed.