Jackie Albert CLEMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48022.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

---

1. The record indicates that appellant made no effort to prove the allegations of his application for probation.

Billy J. Earley, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, one hundred fifty (150) years.

Appellant first contends that he was placed on trial to an indictment which had been dismissed. The record reflects that count two of the indictment which charged

a prior conviction alleged for enhancement was ordered dismissed prior to trial and the primary count charging this offense remained. When this case was called for trial appellant made no further objection to the indictment. Ground one is overruled. Yeagin v. State, Tex.Cr.App., 400 S.W.2d 914.

■ He next contends that his confession was improperly admitted in evidence. There is no assertion of duress, either physical or mental. Appellant was confined approximately one hour before he confessed. The trial judge held a "Jackson v. Denno" [1] hearing and made findings and conclusions that the appellant was duly warned and that the confession was voluntary and admissible. Appellant asserts that he did not voluntarily waive his right to counsel. Officer Barlow testified that he warned appellant that he had a right to have an attorney during questioning and appellant stated that he did not want an attorney present prior to the statement or during the statement.

Appellant merely asserts that he was given no warning at all. 。

In McCandless v. State, 425 S.W.2d 636, which is also applicable to the case at bar, we said:

"We find nothing in the record that would support a finding that this appellant was threatened, tricked, or cajoled into a waiver. There does not appear to be any question of physical or psychological coercion. . . . There is further no showing of incommunicado incarceration which would mitigate against the finding of a valid waiver.

"While the 'waiver' was not here demonstrated by the prosecution in the most effective or desirable manner, we feel when the 'totality of the circumstances' are considered the evidence is sufficient to show that the state has discharged its

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

584

burden and the appellant made a constitutionally permissible waiver as required by Miranda."

See also Pete v. State, Tex.Cr.App., 471 S.W.2d 841.

■ Ground of error number three alleges that the arresting officers did not have probable cause to arrest appellant and that the pistol, money and clothing seized were inadmissible. In the robbery the attendant was shot one time with a .22 calibre bullet from which he died and $453.00 was taken from the cash register. When arrested appellant had a total of $201.00 consisting of an unusual amount of quarters and nickels on his person and a .22 calibre pistol with one spent shell was found under the bed where he was sleeping. Clothing similar to that described by the eyewitness was also recovered.

Appellant relies upon Barnes v. State, 390 S.W.2d 266, which was reversed by this Court upon remand from the Supreme Court of the United States. Barnes is not controlling because in addition to the pistol, money and clothing we have eyewitness identification plus a voluntary confession. Recently in Bridger v. State, 503 S.W.2d 801 (1974), we held, as we do here, that where there was a voluntary confession plus eyewitnesses to the crime that the admission of the fruits of an illegal search was harmless beyond a reasonable doubt and would not call for a reversal of the conviction. The confession details the robbery including the taking of the money by means of the pistol.

■ Ground of error number four is that the court erred in permitting the witness Arnold to identify appellant as one of the robbers because of alleged improper viewing of pictures and of appellant at a police showup.

Arnold was visiting with the night attendant McDaniel at Billups Service Station on the night in question at some time prior to the robbery. He watched appellant and his companion who came to the station for approximately thirty minutes prior to the robbery, observed the manner of their dress and actually witnessed appellant's co-defendant's participation in the robbery. After the attendant was shot and the robbers departed, Arnold told the police whom he summoned that appellant was of medium build (Arnold's size) and was wearing a green shirt and dark pants. All of this occurred after 2:00 a. m. and by 8:00 a. m. appellant and his companion had been arrested. Arnold was shown approximately fifty photographs and picked out appellant and his co-defendant Sexton. Later that morning Arnold identified them when they were brought to the police station. Appellant's companion Sexton was first placed on trial and at that time Arnold was certain of his identification of Sexton, but did not identify appellant. However, at this trial Arnold was positive in his identification of appellant and sure that he was not influenced by the pictures shown him or by viewing appellant at the police station. Arnold never identified anyone other than appellant and Sexton as the robbers. Recently in Cunningham v. State, 500 S.W.2d 820, we had a case in which a witness who had been uncertain as to identification at an examining trial was positive at the trial on the merits which is comparable to Arnold's testimony here. In the case at bar, however, we have appellant's confession. We have concluded that Arnold's testimony was admissible.

Finding no reversible error, the judgment is affirmed.