**Anthony Michael KNOPPA, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47374.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

803

J. Ray Gayle, III, Angleton, for appellant.

Ogden Bass, Dist. Atty., Billy M. Bandy, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is. murder; the punishment, fifty (50) years.

Ground of error number one relates to the introduction of certain black and white pictures of the body of the deceased. This Court as presently constituted approaches the question of the admissibility of pictures of the body of a deceased under the guidelines which were set out in Martin v. State, 475 S.W.2d 265. This writer has expressed different views in the past, but now accepts the mandate of my brethren. State's Exhibits three to nine show the condition of the body when discovered three days after the homicide. They are not the subject of this ground of error. State's Exhibits ten and eleven were also taken at the scene. These two are the basis for this claim of reversal. They are black and white. The witness Bock testified that State's Exhibits ten and eleven showed the right side and face of the deceased and showed maggots.

Dr. Jachimczyk, Medical Examiner for Harris County, testified that from his examination of the body of the deceased he was able to estimate the time of death "from the state of decomposition and from the presence and size and age of the maggots."

He described a total of 72 entrance buckshot holes in the body and "17 exit type shotgun pellet holes" on the deceased's back.

The question here is whether the decomposition and the maggots fall in the same category as the "severed parts of the human body" which caused the reversal of the conviction in Terry v. State, Tex.Cr. App., 491 S.W.2d 161. We have concluded that they do not.

These pictures were taken at the scene where the body was discovered and the holding of this Court in Bunn v. State, 154 Tex.Cr.R. 279, 226 S.W.2d 646, is here controlling. There we said:

". . . We see nothing particularly gruesome about the picture. Only a small portion of her legs were shown above the water. It is admissible always to show the surrounding circumstances in a trial for murder and in a case like that before us, where the State relies upon an extra judicial confession, it becomes necessary for the State to corroborate that confession. . . ."

See also Martin v. State, Tex.Cr.App., 475 S.W.2d 265.

State's Exhibits 29, 30 and 31 picture the head and shoulders of deceased taken at the morgue after she had been undressed, and Exhibit 38 pictures her back and the exit wounds. These were clearly admissible under the holding of this Court in Martin v. State, supra.

Ground of error number two relates to the sufficiency of the statutory warning given to appellant.

Appellant relies upon the testimony of Judge Lee, one of those who gave the warnings, who stated that he told appellant that the confession could be used *for* or *against* him.[1] Appellant relies upon Conn v. State, 140 Tex.Cr.R. 202, 143 S.W.2d 1036. We note, however, that appellant while testifying stated that he was informed by the person giving him the warning that "anything I said could and would be used against me." In addition, Officer Daniel, who took appellant's confession, testified as follows:

"Q. Prior to taking this statement from Anthony Knoppa did you give him any warnings?

"A. Yes, sir, he was warned.

"Q. And what warning was he given?

"A. I gave him the peace officer's warning, sir.

"Q. And what warnings are those, sir?

"A. The one I have in my pocket.

"Q. Would you read those, please?

"A. Yes, sir. 'Under Texas law I am required to inform you as follows: 1. You have the right to have a lawyer present to advise you either prior to any questioning or during any questioning. 2. If you are unable to employ a lawyer you have a right to have a lawyer appointed to counsel with you prior to or during any questioning. 3. You have a right to remain silent and not make any statement at all and any statement made by you may be used in evidence at your trial.'

"Q. And you read this warning to Anthony Knoppa?

"A. Yes, sir, I did."

The above testimony created an issue of fact. In White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279, it was held to be reversible error to fail to respond to a proper objection to the Court's charge where there

1. We have been forwarded a supplemental transcript showing the check list used by Judge Lee in admonishing appellant. The check list introduced in evidence reads as follows:
"You have the right to employ or retain a lawyer to represent you.
"You have the right to remain silent, the right to have a lawyer present during any interview with peace officers or lawyers representing the State, the right to terminate the interview at any time, and the right to request the appointment of a lawyer if you are indigent and cannot afford a lawyer.
"You have the right to have an examining trial.
"You are not required to make a statement, and any statement made by you may be used against you."

was a fact issue as to whether or not the warning contained the expression that the statement could be used for or against the accused.

In the case at bar there was no objection to the charge calling the trial court's attention to the failure to submit this fact issue. Therefore, nothing is presented for review. Recently in Lester v. State, Tex.Cr.App., 490 S.W.2d 573, a case involving a confession where the court did not instruct the jury on the issue of voluntariness, we said:

"Further, there were no written objections to the charge or any special requested charges in writing as required by Articles 36.14 and 36.15, V.A.C.C.P. Therefore, even if there had been evidence raising the issue no error would have been presented. See Baity v. State, 455 S.W.2d 305 (Tex.Cr.App.1970)."

█ Ground of error number three complains of the admission of the confession because the record does not show that appellant waived his right to have an attorney advise him prior to the signing of the confession.

The written confession shows a waiver. The first part reads as follows:

"I, Anthony Michael Knoppa, Jr. after first being duly warned at 10:01 o'clock, p. m., on the 6th day of June, 1972, at Angleton, Texas, by Mr. C. O. Daniel, the person to whom this statement is made, FIRST, that I have the right to have a lawyer present to advise me either prior to any questioning or during any questioning or during any questioning [sic], SECOND that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to counsel with me prior to or during any questioning, and THIRD, that I have the right to remain silent and not make any statement at all and any statement made by me

may be used against me at my trial, and after I knowingly, intelligently and voluntarily waived these rights prior to and during the making of this statement, wish to freely and voluntarily state the following facts without any compulsion or persuasion of any kind being used on me, and for the sole and only reason that the facts stated are true, viz.: . . ."

Officer Daniel who took the confession testified that he related to appellant his right to an attorney prior to taking the confession. He testified further that at no time did appellant ever request an attorney. Appellant himself testified and acknowledged that he saw the above part of the confession regarding waiver of his rights. Judge Lee testified that earlier in the day prior to the taking of the confession he gave the appellant his statutory warning and that appellant did not state a desire for an attorney. Sheriff Gladney and Officer Jones testified that appellant never said anything about wanting an attorney.

We quote from Pete v. State, Tex.Cr. App., 471 S.W.2d 841, 844:

"The fact that appellant did not specifically say that he waived counsel before signing the confession does not prevent the trial court from concluding that appellant knowingly and intelligently waived counsel. Waiver is to be determined from the totality of the circumstances."

We have carefully reviewed the proceedings and evidence relating to the admissibility of the confession in general and to this matter of waiver of an attorney in particular. We conclude that there is sufficient evidence to support the trial court's findings that the confession was admissible. See Pete v. State, supra.

Finding no reversible error, the judgment is affirmed.