**Myra Lee HARRIS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–81–027–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 19, 1981.

Rehearing Denied Dec. 10, 1981.

Roderick E. Wetsel, Nunn, Griggs, Chorn & Wetsel, Sweetwater, for appellant.

Russell Carroll, Dist. Atty., Sweetwater, for appellee.

McCLOUD, Chief Justice.

This is an appeal from a conviction of the offense of injury to a child. The jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of twenty years and a fine of $10,000.

This case involves the death of appellant's seven-month old daughter whose skull was fractured. In a multi-count indictment, appellant was accused of murder, injury to a

child and involuntary manslaughter. The sufficiency of the evidence is not challenged.

In grounds of error one and two, appellant complains that the trial court erred in overruling her timely objection to the prosecuting attorney's argument to the jury during the guilt-innocence phase of the trial. Appellant urges that the argument was outside the record and improperly injected the prosecutor's personal opinion and unsworn testimony into the case. The following remarks by the State's attorney are challenged:

If my conduct has offended you, I am sorry, but this little girl gets one day in court, and one day only. And that lady over there has got a long time. It is what she did that night, and the agony of death that this little girl had to go through. You think of little girls—and, of course, I got two of them. And you think about pigtails, and you think about Winnie-the-Pooh, and you think about all of these things.

\*    \*    \*    \*    \*    \*

If you can sleep at night, and let somebody get away with this, you are better than me.

In determining whether or not improper jury argument constitutes reversible error, the court in *Williams v. State*, 607 S.W.2d 577 (Tex.Cr.App.1980) recently stated:

The test as to whether an improper argument constitutes reversible error is whether, (1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case.

The application of this rule depends on the facts of each case, and necessarily involves viewing the probable effect on the minds of the jurors. *Hodge v. State*, 488 S.W.2d 779 (Tex.Cr.App.1972); *Spaulding v. State*, 505 S.W.2d 919 (Tex. Cr.App.1974).

We hold that the prosecutor's argument, although improper, was not so prejudicial and harmful as to require reversal.

*McKenzie v. State*, 617 S.W.2d 211 (Tex.Cr. App.1981) cited by appellant is clearly distinguishable.

Appellant contends in her final point of error that the trial court erred in admitting into evidence, over her timely objection, State's Exhibit Six because the inflammatory and prejudicial aspects wholly outweighed the probative value of the exhibit.

State's Exhibit Six is a color photograph taken by Dr. Joe David Hall, a pathologist, after he performed an autopsy. The photograph primarily depicts a depressed fracture of the parietal area of the skull after the scalp had been deflected.

The court discussed the admissibility of photographs in *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1972) as follows:

We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.

Appellant relies on *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App.1973) wherein it was held that the trial court abused its discretion in admitting into evidence certain autopsy photographs. We think *Terry* is factually distinguishable. There, after determining that *Martin* was controlling, the court said:

What is shown in these pictures is massive mutilation of the subject matter caused by the surgery in performing the autopsy. The jury, in the absence of the explanation of isolated areas pointed out by the expert witness, sees only severed parts of a human body.

The bruises and injuries to the child had already been shown by verbal descriptions and State's Exhibits 2 through 5. After this was done, what material and relevant issues were necessary to be shown by these photographs taken after an autopsy had been performed? They

are, at most, only remotely connected with the crime.

■ The trial court in the instant case did not abuse its discretion in admitting the photograph. The State contended that the head injury was the cause of death of the child. The pathologist testified that "external examination of the skull, or the scalp, did not show any evidence of bruising or any lacerations or cuts of the skin." He further testified that "it was necessary, in the course of the medical examination itself, to deflect the scalp to show the extent of injury." He stated when he "deflected the skull there was focal area of hemorrhage—a bruising in the deep tissue of the scalp itself." The photograph demonstrated in his words, "the presence of the depressed skull fracture on the left side of the skull." In his opinion the depressed skull fracture was caused by a "blunt trauma" to the head and the head injury caused or contributed to the death of the child. The primary focus of the photograph was to show the nature and extent of the depressed skull fracture. The photograph did not merely depict "massive mutilation of the subject matter caused by surgery," as in *Terry*.

Although close examination of the photograph reveals another area of the deceased child's body, this was not pointed out, nor drawn to the jury's attention by expert testimony. No mention was made of this other area. Other photographs admitted did not show the head injury described by the pathologist.

In *Bailey v. State*, 532 S.W.2d 316 (Tex. Cr.App.1975) the court said:

Terry cannot be construed to prevent the admission of relevant photographs merely because the deceased has been removed to clinical surroundings. Cf. *Knoppa v. State*, Tex.Cr.App., 505 S.W.2d 802. Only where the results of surgery have obfuscated the results of the crime will otherwise accurate depictions be inadmissible. The photographs here in question illustrated and clarified the doctor's description of the injuries, and no error is reflected in their admission. *Provost v. State*, Tex.Cr.App., 514 S.W.2d 269.

It was necessary for the pathologist in the present case to deflect the scalp in order to determine the nature and extent of the depressed fracture. The photograph "illustrated and clarified" the pathologist's testimony. The deflection of the scalp did not "obfuscate the result" of the trauma to the head. The injury was not visible upon external examination of the skull. Appellant's third point is overruled.

The judgment is affirmed.