Affirmed and Memorandum Opinion filed October 23, 2008








 

Affirmed
and Memorandum Opinion filed October 23, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00813 -CR

____________

 

MANUEL FLORES, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 

 



 

On Appeal from the
230th District Court

Harris County,
Texas

Trial Court Cause
No. 1062135

 



 

M E M O R
A N D U M  O P I N I O N

Appellant,
Manuel Flores, was convicted of possessing, with the intent to deliver, at
least 400 grams of cocaine, and was sentenced to thirty-two years= incarceration.  See Tex.
Health & Safety Code Ann. ' 481.112 (Vernon 2003).  Appellant asserts several points of
error, highlighted by his contention that the trial court improperly admitted
evidence of two








oral statements made by
him, and requests that we reverse the judgment against him.[1] 
We affirm.    

BACKGROUND

In March
2006, appellant arrived at the airport to pick up a shipment from Peru that,
according to a tip from United States Customs officers, contained cocaine.  Law
enforcement officers followed appellant=s vehicle, and then detained and
arrested appellant.  The jury heard testimony that appellant was advised of his
legal rights, but that appellant chose to waive those rights by volunteering
that he knew the package contained cocaine.  Appellant was returned to the
airport where, in the Houston Police Department offices, he was again given his
legal warnings.  He then provided a written statement, which was expressly
recited as Avoluntary@ and offered of his Aown free will,@ in which he initialed each page as
well as another set of legal warnings.  He also volunteered to telephone other
persons in an effort to obtain incriminating statements from them.

The
package, which was addressed to appellant, was found to contain thirty-eight
straw baskets.  Each basket contained Ahundreds@ of straws into which cocaine had
been Avery intricately@ woven.  The State=s forensic chemistry expert, James
Carpenter, tested all of the straws in one of the large baskets.  Each straw
contained cocaine, and the total weight of cocaine in that basket alone amounted
to 490.6 grams.  He also randomly selected one straw from each of the other
thirty-seven baskets, each of which contained cocaine.  The aggregate weight of
the cocaine contained in these straws exceeded 894 grams.  Carpenter
extrapolated that the total amount of cocaine in the package totaled 11.4
kilograms.








Appellant
was charged with possessing, with the intent to deliver, at least 400 grams of
cocaine.  Shortly before trial, appellant filed a motion to suppress in which
he contended that his written confession was involuntary and coerced.  The
trial court denied the motion, finding that appellant was not threatened,
assaulted, coerced, or promised anything in exchange for making the written
statement.  The trial judge concluded that appellant=s written statement was voluntarily,
knowingly, and intelligently offered, and the case proceeded to trial.

The jury
found appellant guilty.  Appellant withdrew his request for the jury to assess
punishment, and accepted the State=s recommended thirty-two year
sentence.  The trial judge accepted the parties= agreement and sentenced appellant
accordingly.  

Appellant
timely brought this appeal, asserting at least eleven, and perhaps as many as
thirteen, points of error.[2]  Generally,
appellant contends the trial court erred by (1) excluding evidence favorable to
him, (2) refusing to provide a Spanish-language interpreter, (3) permitting the
State=s expert witness to extrapolate the
total amount of cocaine contained in the shipment, and (4) instructing the jury
not to consider evidence of his previous conviction for impersonating a police
officer.  Finally, he appeals from the trial court=s admission into evidence of two oral
statements made by him, and asserts that the trial court failed to prepare
findings of fact and conclusions of law concerning the voluntariness of those
oral statements.

                                                   EXCLUSION
OF EVIDENCE








Appellant=s first three points of error relate
to the trial court=s exclusion of evidence requested by appellant.  That is,
appellant complains about the exclusion of evidence concerning (1) the AJohn Reid@ technique that allegedly results in
false confessions, (2) the Acircumstances@ surrounding appellant=s written confession, and (3) his
wife=s conversations with police, which
were said to be contained on a compact disc.  We hold that appellant has failed
to preserve these complaints for appellate review.

In order
to preserve a complaint concerning the exclusion of evidence, a defendant
generally must make an offer of proof or file a bill of exception to make the
substance of the evidence known.  See Tex. R. Evid. 103(a)(2); LaHood
v. State, 171 S.W.3d 613, 621 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  Otherwise, as here, we cannot
assess whether the exclusion was erroneous or harmful.  LaHood, 171
S.W.3d at 621.  However, appellant failed to make an offer of proof, or file a
post-trial bill of exception, to preserve his complaint to the trial court=s exclusion of evidence.[3] 
See Tex. R. Evid. 103(b) (offer of proof); Tex. R. App. P. 33.2 (bill of
exception). 

Therefore,
appellant has not preserved these issues for review.  We overrule appellant=s first, second, and third points of
error.[4]

                                                            EXTRAPOLATION

In his
fifth point of error, appellant contends that his agreed-upon sentence was
premised upon unreliable scientific evidence, because the State=s expert chemist extrapolated the
total amount of cocaine from representative samples instead of testing each
straw.  See Melton v. State, 120 S.W.3d 339, 343B44 (Tex. Crim. App. 2003) (permitting
testing of representative samples of cocaine).








As a
prerequisite to presenting a complaint for appellate review, an appellant must
show that he timely presented a specific objection to proffered evidence, and
that the trial court ruled on the objection or refused to rule.  See
Tex. R. App. P. 33.1(a); Hernandez v. State, 53 S.W.3d 742, 745 (Tex.
App.CHouston [1st Dist.] 2001, pet. ref=d); Bushell v. Dean, 803
S.W.2d 711, 712 (Tex. 1991).  The record does not show that appellant objected
to the qualifications or testimony of the State=s forensic chemist, James Carpenter. 
Accordingly, appellant has not preserved this complaint for appellate review.[5] 
See Hepner v. State, 966 S.W.2d 153, 159B60 (Tex. App.CAustin 1998, no pet.).

We
therefore overrule appellant=s fifth point of error.

                                                               JURY
CHARGE

Appellant asserts, in his sixth point
of error, that the trial court committed Aegregious error@ by submitting the following jury
charge instruction:

You are instructed that certain evidence was admitted
before you in regard to the defendant=s
having been charged and convicted of an offense or offenses other than the one
for which he is now on trial.  Such evidence cannot be considered by you
against the defendant as any evidence of guilt in this case.  Said evidence was
admitted before you for the purpose of aiding you, if it does aid you, in
passing upon the weight you will give his testimony, and you will not consider
the same for any other purpose.

 








During his trial
testimony, appellant admitted that he was previously charged and convicted of
impersonating a peace officer.  In addition, while he admitted that he
knowingly entered into a marriage for the purpose of assisting his wife to
evade immigration laws, see 8 U.S.C.A. ' 1325(c) (2005), he denied being
charged or convicted of a criminal offense for doing so.  He contends, however,
that the jury charge instruction constituted an improper comment on the weight
of the evidence because it implied that he was convicted of entering into a
fraudulent marriage.  We disagree.

Given
the opportunity to object to the jury charge, defense counsel failed to do so.[6] 
Although appellant=s failure to preserve jury-charge error does not bar
appellate review, because he failed to do so, the complained-of error will not
result in reversal Aunless it was so egregious and created such harm that
appellant was denied a fair trial.@  Warner v. State, 245 S.W.3d
458, 461 (Tex. Crim. App. 2008).  AEgregious harm@ may result from errors that affect
the very basis of the case, vitally affect a defensive theory, or deprive the
defendant of a valuable right.  Id. at 461B62.  

However, we find no error in the
court=s instruction.  The instruction does
not refer, expressly or impliedly, to the appellant=s allegedly fraudulent marriage, and
appellant in fact confirmed that he had been convicted of the offense of
impersonating a peace officer.  See Tex. Penal Code Ann. ' 37.12 (Vernon 2003).  The court=s instruction is appropriate when
proof of a defendant=s prior conviction, here, impersonating a police officer, has
been admitted into evidence for impeachment purposes:

The court may properly charge the jury that the
testimony was admitted, not as proof of defendant=s guilt of the crime charged, but only as it may affect his credibility
as a witness, even though the defendant does not request such instruction.  The
charge given was not harmful, but beneficial to the appellant and was not a
comment on the weight of the evidence.

 

Barber v. State, 511 S.W.2d 937, 941 (Tex. Crim.
App. 1974) (citation omitted).








Because
we find no error in the trial court=s instruction, we overrule appellant=s sixth point of error.

                                          ADMISSION
OF ORAL STATEMENTS

Appellant=s last five points of error stem from
the trial court=s admission into evidence of two oral statements, one in
which appellant confirmed that the package contained cocaine and another in
which appellant telephoned other persons to obtain incriminating statements
from them.  Appellant contends that both of these statements were uttered
before he received his Miranda[7] warnings, and
are therefore Aillegal@ under article 38.22 of the Code of Criminal Procedure.  Appellant argues
further that the trial court improperly failed to enter findings of fact and
conclusions of law concerning the voluntariness of these statements.








Before
trial, appellant filed a broadly-written motion to suppress that arguably
includes these two oral statements.  However, at the suppression hearing,
defense counsel objected only to the introduction of appellant=s written statement. 
Appellant did not contest the voluntariness of his oral statements
before or during trial.[8]  Because
appellant did not raise a question with respect to the voluntariness of his
oral statements, the trial court was not required to prepare findings of fact
and conclusions of law concerning their admissibility.  See Tex. Code
Crim. Proc. Ann. art. 38.22, ' 6 (Vernon 2005) (requiring findings of fact and conclusions
of law Awhere a question is raised as to the
voluntariness of a statement of an accused@); Tex. R. App. P. 33.1(a); Pete
v. State, 471 S.W.2d 841, 843 (Tex. Crim. App. 1971).

In
addition, appellant did not object to the admissibility of his oral statements
when they were introduced at trial.  Therefore, he has not preserved this issue
for appellate review.  See Swain v. State, 181 S.W.3d 359, 365 & 365
n.6 (Tex. Crim. App. 2005), cert. denied, 127 S. Ct. 145 (2006); Ranson
v. State, 707 S.W.2d 96, 99 (Tex. Crim. App. 1986), cert. denied,
479 U.S. 840, 107 S. Ct. 147 (1986) (finding waiver for failure to object to
admission of oral statements).

We
therefore overrule these points of error[9]
concerning the admission of his oral statements and the trial court=s refusal to prepare findings of fact
and conclusions of law.

                                                                CONCLUSION

We find
no merit in the issues appellant raises on appeal.  We therefore affirm the
judgment of conviction.                                                                        

 

/s/      J. Harvey Hudson

Senior Justice

 

Judgment Rendered and Memorandum
Opinion filed October 23, 2008.

Panel consists of Justices Anderson
and Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).









            [1]  At the
conclusion of his brief, appellant=s
prayer simply restates his points of error and omits any clear statement of the
relief he seeks.  See Tex. R. App. P. 38.1(i).





            [2]  Appellant=s brief is no model of clarity.  A true accounting of
the number of arguments presented for review is encumbered by an unusual (i.e.,
utilizing both letters and numbers) and inconsistently-applied system for
identifying appellant=s points of error throughout his brief.





            [3]  Appellant
suggests that we may take judicial notice of information posted on a Areliable website.@ 
We decline appellant=s invitation to take judicial notice of the Wikipedia
entry for the AJohn Reid technique.@  See James Glerick, Wikipedians Leave Cyberspace, Meet in
Egypt, Wall St. J., Aug. 8, 2008, at W1 (AAnyone can edit [a Wikipedia] article, anonymously, hit and run.  From
the very beginning that has been Wikipedia=s
greatest strength and its greatest weakness.@) (emphasis added).





            [4]  Because
appellant did not preserve error regarding the exclusion of his wife=s recorded conversation with police officers, we need
not address appellant=s fourth point of error concerning the trial court=s refusal to provide a Spanish-language interpreter to
translate this recording to the jury.





            [5]  Moreover, as
appellant concedes, Carpenter weighed at least 894 grams of cocaine before
resorting to extrapolation for the remaining unassembled straw baskets. 
Appellant was convicted of possessing, with the intent to deliver, at least 400
grams of cocaine.  See Tex. Health & Safety Code Ann. ' 481.112(f).  Accordingly, the State was required to
prove only that the aggregate weight of cocaine met or exceeded 400 grams, not
that it totaled 11.4 kilograms.  See id.; Melton, 120 S.W.3d at
344 (requiring the State to prove only that the weight of the controlled
substance exceeds the alleged minimum weight for conviction).





            [6]  The record from
the formal charge conference includes the following exchange:

 

THE COURT:                Does the State have any
objections to the Court=s charge?

MS. MCCORVEY:          No, Your Honor.

THE COURT:                Does the
Defense have any?

MR. RICHARDS:           You did a good job, Judge.





            [7]  Miranda v.
Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966)





            [8]  For this reason,
we are not persuaded that appellant was deprived of due process and due course
of law.  Appellant argues that, before a confession may be admitted into
evidence, the trial court first must determine its voluntariness, citing Jackson
v. Denno, 378 U.S. 368, 84 S. Ct. 1774 (1964).  However, whether a
confession was freely given is to be decided at a Jackson hearing
only if the issue has been properly raised before the trial court.  See
Wolfe v. State, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996); see also
Miller v. State, 387 S.W.2d 401, 403 (Tex. Crim. App. 1965) (declining to
apply Jackson where appellant failed to question voluntariness when
confession was offered into evidence); Creswell v. State, 387 S.W.2d
887, 891 (Tex. Crim. App. 1965) (same).  A mere request for a suppression
hearing, without more, does not equate to a request that the trial court
determine the voluntariness of a confession.  See Wolfe, 917 S.W.2d at
282.  The trial court was presented with sufficient evidence of voluntariness,
and appellant Agave the trial court no reason to believe otherwise.@  Id.





            [9]  We are hamstrung
in our efforts to identify these points of error in any fashion other than
collectively, because appellant=s brief
inconsistently labels one of these issues as either issue 7 or 8, and
identifies the other four issues by letters (i.e., issue AA,@ AB,@ AC,@ and AD@).





            * 
Senior Justice J. Harvey Hudson sitting by assignment.