JESSIE BROWN KINDLE V. STATE

No. 27,802. November 16, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 18, 1956

396

*Enoch G. Fletcher,* Grand Saline, for the appellant.

*Joe Tunnell,* Criminal District Attorney, Canton, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 30 years.

The testimony of the witnesses for the state, including the deceased's wife, who were present at the homicide will be summarized. The deceased drove to the appellant's home in the country for the purpose of collecting a grocery bill which the appellant owed him. He parked his pickup truck approximately 40 feet from the house, went to the door, and knocked. The appellant came to the door, and he and the deceased talked; the deceased started to return to the pickup; the appellant entered the house, got a shot gun, returned to the porch, and fired at the deceased, who was by that time at his truck. The deceased got in the truck, and it was driven at top speed toward town. A short distance from the scene of the homicide the pickup truck came upon three officers parked at an intersection. The officers and some of the occupants of the pickup returned immediately to the appellant's home and placed him under arrest.

The appellant did not testify, and the sole defense was that of insanity.

There was evidence in behalf of the state and the accused on the issue which was by the jury resolved against the appellant. We find the evidence sufficient to support their verdict.

We shall discuss the facts more fully in connection with the bills of exception.

Bill of Exception No. 1 recites that one officer arrested the appellant, placed handcuffs on him, and left him in charge of a second officer while he went into the house to get the appellant's gun. The appellant began to question the right of the second officer to arrest him, and a scuffle ensued. Following this, the appellant told the officer, "You can't do anything to me because I have been to the asylum twice."

The court qualified the bill by certifying that he admitted the appellant's statement as a part of the res gestae and on the issue of the sanity of the accused, and that the appellant made no request that the testimony be limited to any specific purpose. Since we have concluded that the evidence was admissible on the issue of sanity, it will not be necessary to pass upon the question of its admissibility as part of the res gestae. In Jones v. State, 156 Tex. Cr. Rep. 343, 243 S.W. 2d 348, we upheld the admissibility of a letter written by the accused while in jail on the issue of sanity. The letter was an appeal for help in getting witnesses to testify as to the appellant's insanity at his forthcoming trial. The Jones case is here controlling, and no error is reflected by the bill.

Bills of Exception Nos. 2 and 4 relate to the testimony of the officers in which they related a statement made by the accused telling them where they might find the murder weapon and their testimony about entering the house and finding the same.

The objections were that the appellant was under arrest and the officers did not have a search warrant.

When the officers arrived at the appellant's home, the appellant told them that he had shot "a fellow"; they asked him where the gun was, and he said that it was in the house hanging on the wall; one of them entered the house and found the gun hanging on the wall. This is exactly the situation covered by that portion of Article 727, V.A.C.C.P., which reads, "unless in connection with the confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of . . . the instrument with which he states the offense was committed."

Bill of Exception No. 3 complains of the testimony of the sheriff, in which he expressed an opinion that the appellant was of sound mind and knew the difference between right and wrong, based upon his observation of him while a prisoner following the homicide and prior to the trial. The objection was that this

was the ultimate fact to be determined by the jury and was a conclusion of the witness.

In Wenck v. State, 156 Tex. Cr. Rep. 50, 233 S. W. 2d 793, we said:

> "When a non-expert witness is allowed to express an opinion that the accused is sane, there seems no reason why he should not be permitted to express an opinion that he knows right from wrong. See Stout v. State, 142 Tex. Cr. R. 537, 155 S.W. 2d 374."

Appellant objected to the testimony of the two doctors who visited the appellant in jail at the request of the prosecutor, and gave their opinion as to his sanity. This is the procedure which was approved in Gephart v. State, 157 Tex. Cr. Rep. 414, 249 S. W. 2d 612, which the appellant concedes is authority against him.

We fail to see any prejudice that could have resulted from the introduction of the pictures taken at the scene of the homicide.

Finding no reversible error, the judgment of the trial court is affirmed.