**Jessie RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41793.**

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Rehearing Denied March 12, 1969.

Frank Gaston, Plainview, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, ten years.

Ground of error number one is directed to the admission of the testimony of the state's witness, Thomas Rodriquez, that he was married and had a family over appellant's objection that it was immaterial.

In view of the later admission of other testimony by said witness about his wife and son without objection, no error is presented.

It is contended that the trial court erred in admitting the testimony of Mrs. Felipe Rodriquez, wife of the deceased, that the deceased was married and had two children. At this time appellant's counsel stated, "We object to questions along this line as having no bearing showing the guilt or innocence of the defendant."

Other testimony had been previously introduced before the jury, without objection, relating that the deceased was married and had two boys. Ground of error number two is overruled.

In ground of error number three appellant objected to the admission in evidence of three photographs revealing blood for the reason that they were introduced for the sole purpose of inflaming the minds of the jury and prejudiced his rights to a fair and impartial trial, and did not resolve any disputed issue in the case.

The photographs were in black and white and the spots at the scene were blood according to the testimony describing in part what the photographs portrayed. Except for said testimony, it could not be ascertained from the photographs alone that the spots were blood. The photographs were not such as would inflame the minds of the jury. In light of the testimony describing the spots and an examination of the photographs as they appear in the record, it is concluded that no reversible error is shown. Ground of error number three is overruled.

It is contended that appellant, who was under an appearance bond, was denied a fair trial in that he was arrested by a

deputy sheriff, without a warrant, at the end of the first day of trial and kept in jail until court reconvened the following day for the reason that his arrest prevented him from assisting his counsel in his defense.

In support of his position, the appellant testified that his arrest prevented him from contacting some witnesses after court had recessed for the day as his counsel had instructed him. He further testified that he was not placed in shackles or his clothing changed at anytime.

Sheriff Porterfield testified that appellant's bondsmen told him that they wanted off his bond and asked that he be taken into custody. There is no showing that appellant's counsel was denied the privilege of conferring with the appellant while in custody. The trial continued into the next day and appellant was at liberty that night. No showing was made that appellant was prevented from obtaining any testimony or any witness due to his being in custody overnight. Ground of error number four is overruled.

■ It is contended that the trial court erred on the ground that "Mike Lemons was permitted to testify over Appellant's objection as to·the cause of death of the deceased without being shown to be qualified from education, training and experience to express this opinion and the proper predicate had not been laid for his opinion, he being a funeral director and mortician when there was evidence of other injuries of unknown nature and extent inflicted on deceased prior to the alleged shooting."

Mike Lemons testified that his business was that of a funeral director, and that he was a licensed mortician with proper training and experience; that he saw a wound on the chest near the midline of the body of the deceased which he prepared for burial; that "The wound was in the area just over the heart, and it was a penetrating wound which had gone into the heart.", and "that this was the cause of death."

The admission of this testimony under the record does not call for a reversal. Ground of error number five is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.