Jimmy Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43283.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

**144**

Abney & Burleson by James A. Mills, Jr., Dallas (On Appeal Only), for appellant.

Frank Coffey, Dist. Atty., Truman Power, Clayton E. Evans, Roland H. Hill, Jr. and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

DOUGLAS, Judge.

## OPINION

This is an appeal from a conviction for murder with malice. The punishment was assessed by the jury at fifteen years.

The evidence shows that on the 9th day of November, 1968, the appellant and Joe Don Chambers had an argument in Tank's Bar in Fort Worth. Appellant left, returned, shot and killed Chambers with a .22 caliber rifle. The sufficiency of the evidence is not challenged.

Appellant's sole complaint is that the court erred in admitting into evidence five photographs of the inside of Tank's Bar. It was shown that the photographs were made shortly after the offense and after the body of the deceased had been removed and that they accurately depicted the scene.

Appellant contends that the photographs revealed spots of blood and were not admissible, because they did not serve to prove any disputed fact issue but instead served only to inflame the minds of the jurors.

This Court recently had occasion to discuss this same complaint in Rivera v. State, 437 S.W.2d 855, where it was contended that three photographs revealing blood were introduced for the sole purpose of inflaming the minds of the jury and that such introduction prejudiced the defendant's rights to a fair and impartial trial in that the photographs did not resolve any disputed issue.

There the Court, speaking through Judge Belcher, said:

"The photographs were in black and white and the spots at the scene were blood according to the testimony describing in part what the photographs portrayed. Except for said testimony, it could not be ascertained from the photographs alone that the spots were blood. The photographs were not such as would inflame the minds of the jury. In light of the testimony describing the spots and an examination of the photographs as they appear in the record, it is concluded that no reversible error is shown."

In the present case the jury was never informed that the spots in the black and white photographs were blood, nor is there any testimony in the record which affirmatively shows that the spots were in fact blood.

Assuming that the photographs revealed blood, they were not such as would inflame the minds of the jury. Rivera v. State, supra. See also Rodriguez v. State, Tex.Cr.App., 399 S.W.2d 818; LeMarr v. State, 165 Tex.Cr.R. 474, 308 S.W.2d 872; Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819, cert. denied 348 U.S. 888, 75 S.Ct. 210, 99 L.Ed. 698; Osborn v. State, 159 Tex.Cr.R. 323, 263 S.W.2d 263; Ekern v. State, 150 Tex.Cr.R. 319, 200 S.W.2d 412.

There being no error, the judgment is affirmed.