Favis Clay MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44185.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Selden Hale, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Robin Green, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

The offense is murder; punishment was assessed by a jury at life imprisonment.

The deceased, June Etta Martin, was the former wife of appellant. The record reflects that product of that marriage was one child, a son. The testimony showed that in the divorce the deceased was given custody of the son, as well as custody of her daughter by a former marriage. Appellant, believing that his former wife was not taking proper care of the boy, went to Arizona where the mother and children resided and brought his son back to Texas. Upon having kidnapping charges filed against him, by the deceased, appellant agreed to give the child back if deceased would come to Texas to get him. She complied with this request, coming to Texas accompanied by her daughter and Delbert McQueen (a friend of the daughter).

Upon their arrival in Amarillo, they telephoned appellant who invited them to his home. At appellant's house, they were informed that the boy was "at the baby sitter's." According to the testimony given by the daughter and McQueen, they joined appellant and his present wife in the kitchen for coffee. Suddenly appellant pulled a pistol. The deceased upset the kitchen table and ran. Appellant caught her in the living room, held her against the wall, and fired four shots at her. She broke away, ran out of the house and collapsed on the driveway. By this time appellant had emptied his pistol while shooting at her. The daughter and McQueen went to her aid, but were ordered away at gun point by the appellant.

Officer Fred J. Boyce, in answer to a disturbance call, went to appellant's house. He recognized appellant coming out of the house and said, "Hi, Mr. Martin." Appellant responded, "I guess I'm the one you want; I did it. The gun's in the house on the T.V." The appellant then stuck out his hands to be handcuffed. At this point Officer Boyce saw the deceased lying in the driveway.

Appellant pled not guilty by reason of insanity and asked for a hearing to determine his competency to stand trial. A hearing was held and the jury found appellant competent to stand trial. A second jury was empaneled to hear the trial on the merits.

By his first, fourth and supplemental contentions, appellant complains of procedural errors at the preliminary trial on the insanity issues.

In Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967), this court said:

"Appellant apparently overlooks the fact that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity. Pena v. State, 167 Tex.Cr. R. 406, 320 S.W.2d 355; Ex parte Hodges, 166 Tex.Cr.R. 433, 314 S.W.2d 581. See also, State v. Olsen, Tex., 360 S.W. 2d 398."

We adhere to the former holdings of this court and cases cited and hold that no appeal lies on this issue.

The first, fourth and supplemental contentions are overruled.

By his second ground of error, appellant contends that the trial court erred in admitting into evidence, over objection, photo-

graphs of the deceased and of the scene. He argues that "there was absolutely no disputed fact issue" at the time at which these exhibits were admitted.

The four photographs of which complaint is made are in black and white. Two depict the living room of appellant's house as it appeared shortly after the crime, including what appear to be blood spots on the floor and furniture; one shows the deceased lying between two cars on the driveway where she fell; and the other is a close-up view showing bullet holes and coagulated blood on the deceased's face and clothing. All four were properly authenticated as being fair and accurate representations of the scenes which they depict. Fobbs v. State, 468 S.W.2d 392.

█ A determination as to the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence and must rest largely in the discretion of the trial judge. Lanham v. State, Tex. Cr.App., 474 S.W.2d 197 (1971).

█ Black and white photographs of the scene of a crime are admissible as an aid to the jury in interpreting and understanding the testimony adduced at the trial. Smith v. State, Tex.Cr.App., 460 S.W.2d 143; David v. State, Tex.Cr.App., 453 S.W.2d 172; Turner v. State, Tex.Cr.App.,

462 S.W.2d 9; Rivera v. State, Tex.Cr. App., 437 S.W.2d 855. The fact that blood spots are depicted does not automatically rule out their admissibility. We find nothing in the two photographs which represent the scene of the homicide in the instant case which would inflame a reasonable person sitting as a juror and no abuse of discretion by their admission. Smith v. State, supra; David v. State, supra; Kindle v. State, 162 Tex.Cr.R. 395, 285 S.W.2d 740.

Appellant's contention is that, before photographic evidence depicting the deceased can be properly admitted, the defendant must, through direct testimony, place the particular fact to which the exhibit relates into issue. We do not agree.

█ We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome[1] or might tend to arouse the passions of the jury,[2] unless it is offered solely to inflame the minds of the jury.[3] If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.[4]

█ In this case a verbal description of the body and the scene are admissible, therefore, it was not error to admit the photographs.

1. Texas Employers' Ins. Ass'n v. Crow, 218 S.W.2d 230 (Tex.Civ.App.—Eastland, 1949), affirmed 148 Tex. 113, 221 S.W.2d 235 (1949); Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958); McKee v. State, 253 Ala. 235, 44 So.2d 781 (1949); State v. Ernst, 150 Me. 449, 114 A.2d 369 (1955); State v. DeZeler, 230 Minn. 39, 41 N.W.2d 313 (1950); State v. Rogers, 233 N.C. 390, 64 S.E.2d 572 (1951); State v. Long, 195 Or. 81, 244 P.2d 1033 (1952); State v. Garver, 190 Or. 291, 225 P.2d 771 (1950). See generally Ann. 73 A.L.R.2d 769 (1960).

2. Oliver v. State, 225 Ark. 809, 286 S.W.2d 17 (1956); People v. Dunn, 29 Cal.2d 654, 177 P.2d 553 (1947); People v. Jenko, 410 Ill. 478, 102 N.E.2d 783 (1951); State v. Beckwith, 243 Iowa 841, 53 N.W.2d 867 (1952); State v. DeZeler,

supra. See generally Ann. 73 A.L.R.2d 769 (1960).

3. Archina v. People, 135 Colo. 8, 307 P.2d 1083 (1957); People v. Jenko, supra; Price v. State, 54 So.2d 667 (Miss.1951); State v. Jensen, 209 Or. 239, 296 P.2d 618 (1955); Commonwealth v. Novak, 395 Pa. 199, 150 A.2d 102 (1959); Commonwealth v. Gibbs, 366 Pa. 182, 76 A.2d 608 (1950); Commonwealth v. Simmons, 361 Pa. 391, 65 A.2d 353 (1949). See generally Ann. 73 A.L.R.2d 769 (1960).

4. Hinton v. People, 169 Colo. 545, 458 P.2d 611 (1969); State v. DeZeler, 230 Minn. 39, 41 N.W.2d 313 (1950); Pribyl v. State, 165 Neb. 691, 87 N.W.2d 201 (1957); Vaca v. State, 150 Neb. 516, 34 N.W.2d 873 (1948). See generally Ann. 73 A.L.R.2d 769 (1960).

We recognize there will be cases where the probative value of the photographs is very slight and the inflammatory aspects great; in such cases it would be an abuse of discretion to admit the same.

The former rule in this state, that gruesome photographs are not admissible unless they tend to solve a disputed fact issue as discussed in Burns v. State, 388 S.W.2d 690 (Tex.Cr.App.1965), is hereby overruled to the extent of any conflict with this decision.

We find that the trial court did not abuse its discretion in admitting the photographs into evidence in the instant case.

 Nor do we perceive a violation of due process in admitting the photographs. They were properly authenticated as accurately representing what they purport to depict and were logically relevant. Burns v. Beto, 371 F.2d 598 (5th Cir. 1966); Pait v. State, Tex.Cr.App., 433 S.W.2d 702.

By his third ground of error, appellant contends that the trial court erred when it refused to grant his motion for mistrial after the state injected before the jury evidence outside of the record.

During closing argument, the prosecutor stated:

"Now Selden would have you believe that we are real ogres up here. Only a couple of weeks ago Mr. Hale's law partner, we agreed in a murder case that a man ought to be insane—

"MR. HALE: I object to that and ask for a mistrial.

"THE COURT: The objection is sustained and, ladies and gentlemen, you will disregard the last remarks of the State's attorney. The motion for a mistrial will be overruled.

"MR. HALE: Note my exception, Your Honor.

"THE COURT: Stay within the record."

In light of the trial court's instruction, we perceive no reversible error. Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895; Hammond v. State, Tex.Cr.App., 465 S.W.2d 748; Moses v. State, Tex.Cr.App., 464 S.W.2d 116.

Appellant's fifth, sixth, seventh and eighth grounds of error have not been briefed and do not meet the requirements of Article 40.09, Section 9, Vernon's Ann. C.C.P.

Finding no reversible error, the judgment is affirmed.

MORRISON, J., dissents.