**Lloyd JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45568.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Stuart Kinard, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Rick Stover, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder; punishment was assessed at death.

The sufficiency of the evidence is not challenged. Nevertheless, a brief summary of the testimony will be stated.

Claudis Pryor testified that appellant, his cousin, telephoned him about 10:00 P.M. on November 24, 1970, and told him that he had just killed his girl friend and her baby. He stated the appellant seemed very excited. The appellant told the witness that he did not know why he killed the persons and wanted advice as to what to do. The witness advised him to "turn himself in."

Officer R. E. Luther, a dispatcher for the Houston Police Department, testified that he received a telephone call between 10:15 and 10:20 P.M. on November 24, 1970, from a person who identified himself as Lloyd Johnson (the appellant) and who stated he had just killed two people and gave his address. The officer dispatched a patrol car to the address given and transferred the telephone call to the homicide division.

Officer C. E. Smith, a detective assigned to the homicide division of the Houston Police Department, testified that at the date and time in question he talked by telephone to someone who identified himself as Lloyd Johnson, who stated he had just shot two people at the address which he gave to the officer.

Officer G. R. Powers, a radio patrolman with the Houston Police Department, re-

ceived a call at approximately 10:25 P.M. on November 24, 1970, to go to 6364 Hirsh Street in Houston to investigate an alleged shooting. He arrived at the address approximately five minutes later and was "waved down" by a person standing in the doorway at that address. He entered the house and saw the person who had waved him down, whom he identified as the appellant, sitting on a couch. He testified that the appellant looked up at him and stated, "It's too late, officer, they are both dead. I killed them." The appellant then handed the officer a fully loaded pistol, after which the appellant and the officer walked to the back bedroom where there was a body of a dead woman later identified as Parish Leon Morgan (the deceased, alleged in the indictment in the instant case). Appellant and the officer then walked back down the hallway into the front bedroom where the body of a five year old boy was lying on the bed. The two then went back into the front room of the house where the officer gave the appellant a legal warning. The officer testifed that the time which elapsed from the time he first entered the house until the legal warning was given was one and a half to two minutes. Appellant was then taken to the police station.

Officer D. L. Collier, a detective with the homicide division of the Houston Police Department, testified that he made an investigation of the scene, arriving approximately 10:55 P.M. on November 24, 1970. The bodies of the woman and child were still there. He stated that the bed on which the woman's body was found had two pools of blood on it, and there was blood on the bed where the body of the boy was found. Two spent hulls were found in the room where the woman was. The hulls were of the same caliber as the cartridges in the fully loaded gun which appellant gave to Officer Powers.

Dr. Giles Sheldon Green, an assistant medical examiner for Harris County, testified that the cause of death of the woman and child was a gunshot wound about the right ear. In each instance, a .22 caliber bullet was recovered from the brain of the victim.

Marjorie Ellen Price testified that she sold a .22 caliber pistol bearing serial number 232497 to appellant on November 24, 1970. The firearms transaction record pertaining to that sale was introduced into evidence. The witness identified the pistol Officer Powers received from appellant as the pistol she had sold to appellant on November 24, 1970.

Appellant contends that the trial court erred in allowing the state to introduce into evidence a photograph of the dead body of Parish Leon Morgan.

The picture in question shows the body as it was found and described by witnesses at the scene. We hold that the picture was admissible; adhering to our ruling in Martin v. State, Tex.Cr.App., 475 S.W.2d 265, wherein we stated:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.

"In this case a verbal description of the body and the scene are admissible, therefore, it was not error to admit the photographs."

Finally, the appellant contends that the trial court erred in allowing the jury the option of assessing a penalty of death. He specifically argues that the infliction of the death penalty constitutes cruel and unusual punishment.

We need not discuss this ground of error since the same is now moot. On September 13, 1972, the Honorable Preston Smith, Governor of Texas, commuted the punishment in the instant case from death to

life. Therefore, the judgment of the trial court is ordered reformed to show the punishment to be assessed at life. See Whan v. State, Tex.Cr.App., 485 S.W.2d 275.

The judgment, as reformed, is affirmed.

MORRISON, Judge (concurring).

Only one recognizable picture accompanies this record. It shows no blood.

I concur.