Mateo N. VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 52800.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 16, 1977.

Richard Meyer, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Sharon MacRae and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of voluntary manslaughter; the punishment is imprisonment for 15 years.

The appellant asserts that inflammatory and prejudicial photographs were admitted in evidence, over his timely objection, which require the reversal of this conviction.

The court admitted three photographs (State's Exhibits Nos. 10, 11, and 12) which portray the same scene, but which were

taken from different places within the lounge where the offense was committed. The photographs are black and white and measure approximately eight inches by ten inches. They depict a bloodstained floor, a chalk outline of the victim on the floor where he fell, some bloody clothing, a cartridge, a liquor bottle, and furniture. When the officers who made the photographs arrived, other officers had secured the area to prevent tampering with the evidence. The victim was still alive, and paramedics were attempting to save his life. The officers did not feel it appropriate to take photographs and make measurements at the scene while the paramedics were at work trying to save the victim's life. The victim was removed and the chalk outline of his body was made on the floor. The clothing in the photographs is not that of the victim but is that of bystanders who had apparently attempted to comfort the victim as he lay mortally wounded.

It is argued on behalf of the appellant that the photographs do not solve any issue in the case and the probative value of the photographs is outweighed by their inflammatory and prejudicial nature.

In *Martin v. State*, 475 S.W.2d 265 (Tex. Cr.App.1972) it was said:

"A determination as to the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence and must rest largely in the discretion of the trial judge. *Lanham v. State*, Tex. Cr.App., 474 S.W.2d 197 (1971).

"Black and white photographs of the scene of a crime are admissible as an aid to the jury in interpreting and understanding the testimony adduced at the trial. *Smith v. State*, Tex.Cr.App., 460 S.W.2d 143; *David v. State*, Tex.Cr.App., 453 S.W.2d 172; *Turner v. State*, Tex.Cr. App., 462 S.W.2d 9; *Rivera v. State*, Tex. Cr.App., 437 S.W.2d 855. The fact that blood spots are depicted does not automatically rule out their admissibility. We find nothing in the two photographs which represent the scene of the homicide in the instant case which would inflame a reasonable person sitting as a juror and no abuse of discretion by their admission. *Smith v. State*, supra; *David v. State*, supra; *Kindle v. State*, 162 Tex.Cr.R. 395, 285 S.W.2d 740.

\*   \*   \*   \*   \*   \*

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.

"In this case a verbal description of the body and the scene are admissible, therefore, it was not error to admit the photographs."

In the later case of *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App.1973) we held inadmissible the photographs of parts of the body made after an autopsy had been performed which showed what was done when the autopsy was performed rather than the wounds inflicted by the defendant. These photographs showed a massive mutilation of the body caused by the surgery in performing the autopsy. We concluded there that the photographs made of the body after the autopsy clearly served to inflame the minds of the jury and that the trial court abused its discretion by not sustaining the appellant's objections to their admission.

Numerous cases have been decided since *Martin v. State*, supra, and *Terry v. State*, supra, see e. g., *Bailey v. State*, 532 S.W.2d 316 (Tex.Cr.App.1976); *Gonzales v. State*, 532 S.W.2d 343 (Tex.Cr.App.1976); *Sloan v. State*, 515 S.W.2d 913 (Tex.Cr.App.1974); *Cherry v. State*, 488 S.W.2d 744 (Tex.Cr. App.1972) in which we have not seen fit to disturb the ruling of the trial court admitting photographs. It was emphasized in both *Martin v. State*, supra, and *Terry v. State*, supra, that a great deal of discretion is lodged with the trial court in determining whether photographs should be admitted in evidence.

 When we apply the law of *Martin v. State*, supra, *Terry v. State*, supra, and subsequent cases, we find no abuse of discretion in the present case in the admission of the photographs about which the appellant complains. The photographs depict the area where the offense was committed; they helped the jury understand the testimony of the witnesses, and thus they were beneficial in aiding the jury in solving disputed issues in the case. It has not been shown that the photographs are so inflammatory and prejudicial as to outweigh their probative value. The fact that the victim's body had been removed in an attempt to save his life did not disturb the scene and change it to such an extent as to render inadmissible the photographs taken after the body was removed. See *Bailey v. State*, supra. We do not find that the bloody clothing, which had been placed over or under the victim by bystanders in their attempt to render assistance and aid to him, render the photographs inadmissible.

The judgment is affirmed.

Opinion approved by the Court.