George Raymond OLIVER, Appellant,

v.

The STATE of Texas, State.

No. 2–82–192–CR.

Court of Appeals of Texas,
Fort Worth.

May 4, 1983.

Newman, Martin & Dodd and Bruce A. Martin, Iowa Park, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of the offense of murder. V.T.C.A. Penal Code, § 19.02. The jury assessed punishment at 99 years. At the outset, we confront unassigned fundamental error in the jury charge on guilt or innocence.

We reverse and remand.

The court instructed the jury in pertinent part as follows:

If you find from the evidence beyond a reasonable doubt that on or about the 8th day of August, 1981, in the County of Wichita and the State of Texas, the Defendant, George Raymond Oliver, did intentionally and knowingly cause the death of an individual, Johnny Lloyd Hicks, by shooting the said Johnny Lloyd Hicks with a firearm; or if you find that the defendant intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of an individual, Johnny Lloyd Hicks, then you will find the Defendant guilty of murder as charged in the indictment. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of murder and proceed to consider the lesser included offense of involuntary manslaughter.

It is well settled that the court's charge rather than merely stating abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the facts of the case. *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App. 1981). When there is a total or even partial failure in the trial court's charge to apply the law of the offense to the facts of the case, this type of omission renders the charge fundamentally defective, requiring reversal of the conviction. *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982).

In the case at bar, appellant was indicted for murder under both § 19.-02(a)(1) and § 19.02(a)(2). In the paragraph of the charge applying the law of murder to the facts of the case, the trial court properly applied the law of murder as defined in § 19.02(a)(1) to the facts of the case, but totally failed to apply the law of murder as defined in § 19.02(a)(2) to the facts of the case. The result thereof was to allow the jury to convict appellant under a theory not charged in the indictment. Such a charge is fundamentally defective. *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App. 1981). Therefore, the judgment must be reversed and the cause remanded.

We further note for purposes of retrial, that the trial court erroneously failed to apply the law to the facts when charging on the lesser included offense of involuntary manslaughter.

Reversed and remanded.