**George Raymond OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 535–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1985.

Bruce A. Martin, Iowa Park, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

We granted the State's petition for discretionary review to review the Court of Appeals' finding of unassigned fundamental error in the jury charge. *Oliver v. State*, 651 S.W.2d 384 (Tex.App.—Ft. Worth, 1983).

Appellant was charged in a two-count indictment with the offense of murder under both V.T.C.A., Penal Code, Section 19.-02(a)(1) and 19.02(a)(2):

"George Raymond Oliver ... did then and there intentionally and knowingly cause the death of an individual, Johnny Lloyd Hicks, by shooting the said Johnny Lloyd Hicks with a firearm.

Count II

"And it is further presented in and to said court that George Raymond Oliver on or about the 8th day of August, 1981, and anterior to the presentment of this indictment in the County of Wichita and State of Texas, did then and there intentionally and knowingly, intending to cause serious bodily injury to an individual, Johnny Lloyd Hicks, commit an act clearly dangerous to human life, to wit: shooting the said Johnny Lloyd Hicks with a firearm, thereby causing the death of the said Johnny Lloyd Hicks, ..."

The application paragraph of the court's charge reads as follows:

"If you find from the evidence beyond a reasonable doubt that on or about the 8th day of August, 1981, in the County of Wichita and the State of Texas, the Defendant, George Raymond Oliver, did intentionally or knowingly cause the death of an individual, Johnny Lloyd Hicks, by shooting the said Johnny Lloyd Hicks with a firearm; or if you find that the defendant intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of an individual, Johnny Lloyd Hicks, then you will find the Defendant guilty of murder as charged in the indictment. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of murder and proceed to consider the lesser included offense of involuntary manslaughter."

The Court of Appeals found that the application paragraph of the court's charge while properly applying the law of murder as defined in Section 19.02(a)(1) to the facts of the case totally failed to apply the law of murder as defined in Section 19.02(a)(2) to the facts of the case. The court reasoned that such an omission resulted in allowing the jury to convict appellant under a theory not charged in the indictment. Although not enunciated in the opinion, it appears from reading the indictment that the omit-

ted language which the Court of Appeals deemed so vital was:

"... to wit: shooting the said Johnny Lloyd Hicks with a firearm...."

This Court has previously found fundamental error in the court's charge for failure to properly apply the law to the facts only when there was a *total absence* of any attempt to apply the law to the facts of the particular case. *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976); *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.1977); *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App.1981). The Court reasoned that in those cases the jury was not instructed under what circumstances they could convict, or under what circumstances they could acquit. Thus, the error was calculated to injure the defendants' rights and reversal was mandated under Article 36.19, V.A.C.C.P.

Those cases cited above are easily distinguishable from the instant case. In the instant case, there was not a *complete* absence of an attempt to apply the law to the specific facts. The first part of the application paragraph, applying the law of Section 19.02(a)(1) murder contained the language "by shooting the said Johnny Lloyd Hicks with a firearm." Clearly, the jury could apply this factual language to the law of Section 19.02(a)(2) murder enunciated in the next line of the court's charge. This conclusion is further supported by our review of the evidence adduced at trial. The only evidentiary theory relied on by the State was that the appellant shot the victim with a .22 caliber rifle. Thus, there could have been no misunderstanding as to the circumstances under which the jury was authorized to convict appellant. *Sattiewhite v. State,* 600 S.W.2d 277 (Tex.Cr.App.1980).

Additionally, the charge as given in fact contains each essential element of the offense of murder under V.T.C.A., Penal Code, Section 19.02(a)(2).

Section 19.02(a)(2) provides:

"(a) A person commits [murder] if he:

\*     \*     \*     \*     \*     \*

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

Thus, the elements of the offense are:

(1) a person

(2) intends to cause serious bodily injury and

(3) commits an act clearly dangerous to human life

(4) that causes the death of

(5) an individual.

Since each element was required by the trial court to be found, there is no fundamental error.

The judgment of the Court of Appeals is reversed and the cause is remanded for consideration of the three grounds of error briefed by defense counsel on original appeal.

TEAGUE, J., dissents. See, *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982).