George Raymond OLIVER, Appellant,

v.

The STATE of Texas, State.

No. 2–82–192–CR.

Court of Appeals of Texas,
Fort Worth.

April 3, 1985.

Short & Martin and Bruce A. Martin, Wichita Falls, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

OPINION

FENDER, Chief Justice.

This case is back before this Court upon reversal and remand by the Court of Criminal Appeals. 685 S.W.2d 54. This Court had erroneously held that the application section of the trial court's charge to the jury was fundamentally defective. 651 S.W.2d 384. We now must review the remainder of appellant's allegations of error.

We first note that counsel for appellant filed what is referred to generically as a "frivolous brief." But, true to his obligation as an attorney under such circumstance, counsel has suggested three possible errors, to-wit:

1. Permitting a witness to give "narrative" testimony in response to a general question.

2. Permitting a witness to relate a statement made by appellant on the grounds that such would be hearsay.

3. Admitting photographs of the deceased as nothing at issue was proven and the pictures were inflammatory.

Counsel on appeal states in his brief that he can find no applicable legal authority to support the first two suggested points and only cites *Alcorta v. State*, 294 S.W.2d 112 (Tex.Crim.App.1956) *rev'd on other grounds*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1956) in support of the third point.

On the subject of the admissibility of pictures of the deceased, we note that the cited case was modified and extended in *Burns v. State*, 388 S.W.2d 690 (Tex.Crim. App.1965). However, *Burns* was specifically overruled in *Martin v. State*, 475 S.W.2d 265 (Tex.Crim.App.1972) over'd on other grounds, 548 S.W.2d 685, 690 (Tex. Crim.App.1977) wherein the Court of Criminal Appeals announced the rule which ob tains today, to-wit:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible." *Martin, supra* at 267.

We have reviewed the record as to all three points and find them to be without merit. We find no error.

The judgment of the trial court is affirmed.