IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-465-CR





DREW CRAIG McCLELLAND,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL



DISTRICT NO. CR91-0425-B, HONORABLE JOHN E. SUTTON, JUDGE



 






PER CURIAM

 Appellant pleaded not guilty to three counts of aggravated sexual assault of a child. (1) 
A jury found appellant guilty on two of the counts alleged. The jury assessed punishment at sixty
years' imprisonment for count one and sixty-five years' imprisonment for count two. The trial
court sentenced appellant accordingly, both terms to be served concurrently. In addition, as part
of appellant's punishment under count two, the jury assessed and the trial court imposed a fine
of ten thousand dollars. We will affirm the judgment of the trial court.




BACKGROUND


 The sufficiency of the evidence is not challenged on appeal. However, a recitation
of the facts is necessary. Sometime after school on Tuesday, May 7, 1991, C.S., a fifteen-year-old student in junior high school, and her friend April, stopped at appellant's house to ask if he
would give them a ride to visit their respective boyfriends. Appellant and his nephew, Stephen
Anderson, were home when the two girls arrived. C.S. had known appellant for approximately
two years and Anderson for approximately three years. Appellant lived down the street from C.S.
and she frequently visited and talked with him. Appellant agreed to give the girls a ride.

 Appellant, and his nephew got into the car with the girls. Appellant, who was
driving, stopped at a liquor store to purchase a half-gallon of vodka and orange juice. He then
resumed driving. The accounts regarding drinking, and the quantity of alcohol consumed vary,
but are not relevant here. At some point in the evening, April was dropped off at her boyfriend's
house. (2) C.S. remained in the car with appellant and Anderson, and asked appellant to take her
home. The trio stopped somewhere to eat, made two other stops, and then drove toward
Anderson's home.

 Along an isolated stretch of the road en route to Anderson's house, appellant pulled
the car to the side of the road. C.S. and Anderson got out of the car. C.S. sat on the hood of the
car. Anderson indicated to C.S. that he wanted to have sex with her. C.S. testifed that she said,
"no," then became afraid because "we were way out and there was nobody around." Anderson
took off her pants and panties and threw them into the car. C.S. agreed to have sex with
Anderson if he would not hurt her. When Anderson finished, he called out, "next." Appellant
then got out of the car. At this point, C.S. attempted to run but appellant tackled her. (3) C.S.
screamed, cried, and pleaded with appellant to let her go. Appellant choked her and told her to
shut up or he would kill her. He proceeded to rape her vaginally, orally and, allegedly, anally. 
When he finished, appellant and C.S. went back to the car. A passing motorist stopped to inquire
if anything was wrong. Appellant responded, "no," and the motorist departed.

 Appellant then drove Anderson to the end of the road leading to Anderson's house
and dropped him off. Appellant resumed driving with C.S., who again asked to be taken home. 
Appellant pulled to the side of the road for a second time. C.S. tried to unfasten her seat belt so
that she could run. Appellant grabbed her and told her she "wasn't going anywhere." He grabbed
her hair and pulled her back against the seat. He told C.S. she was going to "make love to him
right now." She said, "No, I'm not." At that moment a sheriff's patrol car pulled up behind
appellant's car. C.S. was able to unbuckle her seat belt and run to the sheriff's car. Appellant was
subsequently arrested at the scene.



ADMISSIBILITY OF STATE'S EXHIBIT NUMBER 1 (PHOTOGRAPH) 


 In his first point of error appellant alleges that the trial court erred in admitting
State's exhibit number 1, which is a photograph of appellant taken when he was arrested. The
admission in evidence of photographs is within the discretion of the trial court, which must
determine whether the photographs serve to enlighten the jury. The trial court's decision will not
be disturbed on review in the absence of a showing of an abuse of discretion. Long v. State, 823
S.W.2d 259, 270 (Tex. Crim. App. 1991); Sandow v. State, 787 S.W.2d 588, 597 (Tex. App.
1990, pet. ref'd).

 State's exhibit number 1 is a frontal photograph of appellant from his head down
to his groin area. The photograph shows that appellant has two chest tatoos, is bearded, and has
almost shoulder-length hair. Appellant contends that the photograph has no probative value and
was introduced strictly to inflame and prejudice the jury. Appellant complains that state's exhibit
number 1 is inflammatory and prejudicial because to many people long hair, tatoos and a beard,
symbolize rebelliousness; that this attitude would impair a juror's ability to make impartial
decisions; and that the exhibit's only value was to influence the jurors' attitude toward appellant
and prejudice their judgment toward the evidence.

 The State counters that at the time the exhibit was offered, appellant had not yet
admitted being with the victim on the night of the alleged offenses and that identity was then an
issue. The State also argues that the photograph has probative value because it tends to
corroborate the testimony of the victim about what was happening inside the car when the
arresting officer arrived. We agree with the State.



Relevance

 Appellant's objection at trial challenged the photograph's relevance and probative
value, as does his point of error on appeal. Therefore, both are reviewed here. See Long, 823
S.W.2d at 271 n.17. Generally, a photograph is admissible if a verbal description of the same
subject is admissible. Long, 823 S.W.2d at 271-72 n.18. (4) Therefore, the first inquiry is whether
a verbal description of what the photograph depicts is admissible.

 To be admissible, evidence must be relevant. Tex. R. Crim. Evid. Ann. 402
(Pamph. 1992). "`Relevant evidence' means evidence having any tendency to make the existence
of any fact that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence." Tex. R. Crim. Evid. Ann. 401 (Pamph. 1992).

 Sergeant James Manning of the Tom Green County Sheriff's office was the State's
first witness. Manning, the arresting officer, testified that appellant exited the vehicle without a
shirt and with his pants hanging about his mid-groin area, the pants button undone and the zipper
partially down. The officer testified that appellant was not wearing a belt, had grass stains on his
pants, abrasions on his elbow, and scratches on his side. Manning identified appellant as the
subject he arrested that night.

 Manning's testimony tends to make the existence of facts of consequence to a
determination of the action more probable than they would be without the evidence. First, his
testimony, if true, places appellant in C.S.'s company on the night of the alleged offense. Second,
Manning's testimony about appellant's pants presents physical evidence that tends to corroborate
C.S.'s allegation that appellant sexually assaulted her earlier in the evening. Specifically,
Manning's testimony that he observed grass stains on appellant's pants is consistent with C.S.'s
testimony that in the first attack, she was thrown to the ground and raped in a grassy area. 
Finally, Manning's testimony that appellant's pants were unbuttoned, unzipped, and hanging about
the mid-groin area is consistent with C.S.'s statements concerning what was happening in the car
when Manning arrived. While this does not directly tend to establish an element of the offenses
charged, it does bear on C.S.'s credibility, which in turn bears on the weight that the jury may
be inclined to give her testimony. There was no objection to the admissibility of Manning's
testimony.

 Manning testified that he took the photograph at the scene of appellant's arrest and
that the photograph accurately represents what appellant "looked like at the scene." (5) Because
Manning's testimony concerning appellant's appearance and the condition of his pants was
relevant, a photograph depicting or facilitating this testimony was relevant as well.

 State's exhibit number 1 was the only photographic exhibit showing appellant's face
as he appeared when arrested. The State is required to prove each element of the offense beyond
a reasonable doubt. Appellant pleaded not guilty to the alleged offenses. At the time state's
exhibit number 1 was introduced, the State did not know if appellant would deny being with C.S.
at times relevant to the alleged offenses. Therefore, identity was an issue.

 Manning also testified that the photograph showed the condition of appellant's pants
as the officer had described them to the jury. State's exhibit number 1 is the only photographic
evidence that shows the condition of the front of appellant's pants, from belt level to mid-zipper
level, as they appeared on the night of the alleged offenses.

 We hold that state's exhibit number 1 was relevant evidence. However, relevance
alone does not determine whether the photograph was admissible.



Probative Value

 Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid. Ann. 403 (Pamph. 1992).
The rule favors admissibility of relevant evidence, and the presumption is that relevant evidence
will be more probative than prejudicial. Long, 823 S.W.2d at 271.

 The photograph is probative as visual evidence that is corroborative of:
(1) Manning's in-court identification of appellant as the man he arrested in the company of C.S.
on the night that the alleged offenses occurred; (2) C.S.'s testimony that she was raped by
appellant in a grassy area; and (3) C.S.'s credibility as the complaining witness.

 Appellant argues that the photograph's depiction of his long hair, beard, and tatoos
were highly prejudicial. We have examined the photograph. We hold that the prejudice to
appellant, if any, that resulted from showing that he had a beard, long hair, and tatoos does not
substantially outweigh the photograph's probative value. The trial court did not abuse its
discretion when it admitted state's exhibit number 1. Appellant's first point of error is overruled.



ADMISSIBILITY OF ANDERSON'S STATEMENT


 In his second point of error, appellant complains that the trial court erred when it
allowed into evidence hearsay testimony describing a witness's statement made at a grand jury
proceeding. One of the contested issues at trial was whether C.S. consented to the sexual acts
with appellant. At trial, during cross-examination of defense witness Anderson the following
exchange occurred:



[State]: That evening or any time after that, it's true, isn't it, that sometime
after that evening your uncle [appellant] said, "She wouldn't give
it to me, so I had to take it," referring to [C.S.] Do you remember
that?


[Anderson]: I can't remember.


[State]: But you remember you told that to the grand jury, didn't you?


[Anderson]: I can't remember whether I told the grand jury or not.



Thereafter, the State called as a witness assistant district attorney Frank Brown. Brown testified
that he presented appellant's case to the grand jury and was present when Anderson testified
before the grand jury. The following excerpt from Brown's testimony contains the statement that
is the subject of appellant's complaint:


 

[State]: What statement, if any, did Mr. Anderson make about statements
made by the defendant, Drew McClelland, relating to aggravated
sexual assault of [C.S.].


[Defense Counsel]: Judge, I'm going to object to that, then, as hearsay within hearsay in this case.


[State]: Admission of party opponent, your honor.


[Defense Counsel]: Well, the party opponent didn't make the statement directly to Mr. Brown.


[Court]: Objection is overruled.


[Brown]: Mr. Anderson stated that when Mr. McClelland returned to the car
-- he [Mr. Anderson] was apparently passed out in the back seat.
Upon Mr. McClelland returning to the car, he stated to Mr.
Anderson, "She wouldn't give it to me, so I had to take it."



 At trial, appellant objected that Brown's testimony concerning Anderson's
statement before the grand jury was hearsay within hearsay. When the State countered that it was
an admission by a party opponent, appellant objected that "the party opponent didn't make the
statement directly to Mr. Brown." On appeal, appellant asserts the trial court erred in admitting
Anderson's statement because it was a statement made at a grand jury proceeding, and Rule of
Criminal Evidence 801(e)(1) specifically excludes such statements. (6) The complaint on appeal does
not comport with the objections made at trial. Since the trial judge did not have an opportunity
to rule on the statement-before-a-grand-jury objection, nothing is presented for review. Johnson
v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990). A trial objection stating one legal theory
may not be used to support a different legal theory on appeal. Id. Appellant's second point of
error is overruled.

 The judgment of the trial court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: May 27, 1992

[Do Not Publish]


1.   Tex. Penal Code Ann. § 22.021(a)(1)(B), (2) (Supp. 1992).
2.   Neither C.S.'s nor April's boyfriend was at the house. April decided to stay and wait
for them. 
3.   At some point, Anderson returned to the car where he passed in and out of
consciousness during the events that followed.
4.   In Long, the court of criminal appeals declared the continued viability of this part of the test
for admissibility of photographs that was originally enunciated in Martin v. State, which predated
the Texas Rules of Criminal Evidence. 475 S.W.2d 265 (Tex. Cr. App. 1972), cert. denied, 409
U.S. 1021 (1972), overruled on other grounds, Jackson v. State, 548 S.W.2d 685, 690 (Tex. Cr.
App. 1977). Martin and Long both involved the admissibility of photographs of a murder victim,
not the admissibility of photographs of the accused. However, we believe that the part of the
Martin test that survived Long is applicable to all photographic evidence.
5.   The State introduced a total of three photographic exhibits, all pictures of appellant
taken at the scene of his arrest. Two of the exhibits show the scratches and abrasions
Manning described in his testimony. The admission of the other exhibits is not challenged.
6.   Rule 801(e)(1) provides that a statement is not hearsay if:


The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent
with his testimony, and was given under oath subject to the penalty of perjury
at a trial, hearing, or other proceeding, except a grand jury proceeding, or in
a deposition.


Tex. R. Crim. Evid. Ann. 801(e)(1)(A) (Pamph. 1992) (emphasis added).